**618**

Ruby Rae JACKSON et al., Appellants,

v.

The GIBRALTAR LIFE INSURANCE
COMPANY OF AMERICA et al.,
Appellees.

No. 4777.

Court of Civil Appeals of Texas.

Waco.

Dec. 5, 1968.

W. A. Keils, Jr., Teague, Hugh D. Reed, Jr., Fairfield, for appellants.

Grady, Johnson, Smith & Blakeley, Dallas, Bradley & Geren, Groesbeck, Schultz & Martin, Mexia, for appellees.

OPINION

WILSON, Justice.

Summary judgment for defendants was rendered in the suit of plaintiff-appellants against the insurer and insured's mother, the beneficiary named in a life insurance policy. Other relief, not relevant here, was sought with reference to deposit of the proceeds.

Plaintiffs are the widow and minor children of insured, who was killed in action while a member of the armed services. The petition alleges that plaintiff was insured's wife when the policy was issued, and "the policy was to provide that plaintiff, Ruby Rae Jackson would be named the primary beneficiary; that in the event the insured and the primary beneficiary were both dead", the contingent beneficiary was to be insured's mother.

Plaintiff also alleged that the policy was actually delivered to her shortly after it was issued, and had been in her possession continuously for over five years until insured's death, but she had never inspected it or had reason to believe she was not named primary beneficiary as agreed upon by her, insured, his mother and insurer; that a mutual mistake was made, and she "should have been named the prime beneficiary."

Insurer's motion for summary judgment contains the affidavit of its vice-president that the agent who took insured's application was only a soliciting agent who had no authority to waive or alter the terms of an insurance policy, but had power only to transmit applications; that insured signed and delivered to the soliciting agent his application for the policy; that upon receipt of proof of death and the claimant's

sworn statement executed by the named beneficiary, insurer processed and paid the amount of the policy, thereafter receiving copy of a letter from plaintiff widow to the beneficiary, which was the first assertion of her claim of interest; that the insurer made no agreement with insured or anyone else to name plaintiff a beneficiary, and intended only to write the policy as executed and delivered.

The application for insurance signed by insured named his mother beneficiary. The policy as issued and delivered likewise so named his mother.

Plaintiffs filed no affidavit, but their attorney of record presented an affidavit which incorporated testimony of plaintiff widow in a previous hearing in this case, material portions of which are: "Q. Go ahead, Ruby. A. Well, we took the policy out in Tacoma, Washington. In case of his death that I would get it; in case of both of our deaths, she was supposed to get it. By the Court: Is that what you did, or what you and he did? A. He and I did it. When we took the policy out they sent it to us and I put it away. I haven't seen it since. We didn't open it until after his death." After insured's death and before payment was made plaintiff told insurer she was "supposed to receive the proceeds", she testified.

■ Although the action is in form one to recover proceeds of the policy, it is in reality governed by principles relating to reformation of instruments on the ground of mutual mistake. There is no prayer for reformation. To be a "mutual" mistake, the mistake, unless induced by the other party, must not be unilateral. The insurer here must also have been a party to the mistake, "laboring under the same misconception". St. Paul Fire & Marine Ins. Co. v. Culwell, (Tex.Com.App.1933) 62 S.W.2d 100, 101; Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447, 450.

■ The present record negatives existence of a mutual mistake. It establishes

that the insurer was not laboring under a misconception as to the beneficiary intended to be named, and that it wrote the policy in accordance with insured's application. The insurer did not participate in a mistake. Plaintiff's affidavit concerning who "was supposed to get it" and what "he and I did" does not counteract the showing that there is no genuine issue of material fact under Rule 166–A, Texas Rules of Civil Procedure.

Affirmed.